IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GEORGE MOORE, individually
and on behalf of a class of all persons and
entities similarly situated,

        Plaintiff,

                                  (Jury Trial Requested)

vs.

CHARTER COMMUNICATIONS, INC.

        Defendant.

## CLASS ACTION COMPLAINT

### Preliminary Statement

1. Plaintiff George Moore brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2. Mr. Moore alleges that Defendant Charter Communication, Inc., or a third party calling on its behalf, initiated telephone solicitations promoting Charter's television, internet and voice services to his residential telephone number despite the fact his number has long been listed on the National Do Not Call Registry.

3. Because these calls were transmitted using technology capable of generating thousands of similar calls per day, Mr. Moore sues on behalf of a proposed nationwide class of other persons who received similar calls.

4. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

### Parties

5. Plaintiff George Moore resides in this district.

6. Defendant Charter Communications, Inc. is a Delaware corporation with its corporate headquarters in Stamford, CT. It does business throughout the United States, including in this District.

7. Charter sells television, internet, and voice services to customers through its "Spectrum" brand.

### Jurisdiction & Venue

8. The Court has federal question jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

9. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim—namely, the solicitation calls to the Plaintiff Moore—occurred in this District.

### Statutory Background

The TCPA Prohibits Solicitation Calls to Numbers in the National Do Not Call Registry

10. The TCPA prohibits telemarketing calls to residential and wireless telephone numbers that have previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2); 47 C.F.R. § 64.1200(e). ;

11. The TCPA provides a private cause of action to persons who receive such calls. 47 U.S.C. § 227(c)(5);

The Growing Problem of Telemarketing

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting Off Robocalls* (July 22, 2016), https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls (statement of FCC chairman).

13. "The FTC receives more complaints about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016), https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf.

14. In fiscal year 2017, the FTC received 4,501,967 complaints about robocalls, compared with 3,401,614 in 2016. Federal Trade Commission, *FTC Releases FY 2017 National Do Not Call Registry Data Book and DNC Mini Site* (Dec. 18, 2017), https://www.ftc.gov/news-events/press-releases/2017/12/ftc-releases-fy-2017-nationaldo-not-call-registry-data-book-dnc.

15. *The New York Times* recently reported on the skyrocketing number of robocall complaints and widespread outrage about illegal telemarketing. Tara Siegel Bernard, *Yes, It's Bad. Robocalls, and Their Scams, Are Surging*, N.Y. Times (May 6, 2018), https://www.nytimes.com/2018/05/06/your-money/robocalls-rise-illegal.html; *see also* Katherine Bindley, *Why Are There So Many Robocalls? Here's What You Can Do About Him*, Wall St. J. (July 4, 2018), https://www.wsj.com/articles/why-there-are-so-many-robocalls-heres-what-you-can-do-about-him-1530610203.

16. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

17. According to online robocall tracking service "YouMail," 5.2 billion robocalls were placed in March 2019 at a rate of 168.8 million per day. www.robocallindex.com (last visited May 17, 2019). YouMail estimates that 2019 robocall totals will exceed 60 billion. *See id.*

18. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

**Factual Allegations**

19. Mr. Moore's number, 630-XXX-1188, is a residential telephone number on the National Do Not Call Registry.

20. Mr. Moore's number has been on the National Do Not Call Registry for more than 10 years prior to the calls he received.

21. Mr. Moore's number has not been removed from the National Do Not Call Registry at any time.

22. On November 11, 2019, Mr. Moore received two calls from the Caller ID 733-780-1992.

23. Mr. Moore did not answer the calls.

24. However, they continued.

25. On November 12, 2019, Mr. Moore received another call from the same Caller ID number, 733-780-1992, and answered it.

26. The telemarketing representative claimed he was offering a discounted price for TV, internet and phone services.

27. When Mr. Moore asked him who he was calling from, he stated that he was calling from "Spectrum and AT&T Services".

28. The telemarketer then offered Mr. Moore Spectrum services, which Mr. Moore indicated an interest in during the call to sufficiently identify the calling party.

29. Mr. Moore was able to confirm Spectrum's involvement by obtaining a reference number.

30. Mr. Moore confirmed that the reference number was needed to confirm the telemarketing conduct, as the Caller ID number used by Charter, or its telemarketer, is a non-working number.

31. Indeed, other individuals have complained about receiving robocalls from that number.

32. The website "Robokiller" has identified 93 calls from that number from the same timeframe Mr. Moore was called. *See* https://lookup.robokiller.com/p/733-780-1992 (Last Visited December 6, 2019).

33. Mr. Moore did not provide his prior express invitation or permission to Charter to make telemarketing calls to him.

34. Mr. Moore and others who received these calls were harmed by Defendant's calls because the calls temporarily deprived them of the legitimate use of their phones, wasted their time, and invaded their privacy.

**Class Action Allegations**

35. As authorized by Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff sues on behalf of other persons or entities throughout the United States.

36. The proposed Class is tentatively defined as:

All persons within the United States: (1) whose telephone numbers were listed on the Do Not Call Registry for at least 31 days, and (2) to whom, at any time within the four years prior to the filing of this action, Defendant, or someone on its behalf, (3) placed more than one call within any twelve-month period to promote the sale of Charter products or services.

37. The Plaintiff is a member of the Class.

38. Excluded from the Class is the Defendant, any entities in which the Defendant have a controlling interest, the Defendant' agents and employees, any Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

39. Class members are identifiable through phone records and phone number databases that will be obtained through discovery.

40. Based on the nature of telemarketing campaigns, there are likely thousands of class members. Individual joinder of these persons is impracticable.

41. There are questions of law and fact common to Plaintiff and the proposed class, including:

    a. Whether the Defendant's calls are "solicitations;"

    b. Whether the Defendant obtains prior express invitation or permission to place solicitation calls;

    c. Whether the Defendant placed calls to numbers on the Do Not Call Registry;

      d.    Whether the Defendant's TCPA violations were negligent, willful, or knowing; and

      e.    Whether the Plaintiff and the class members are entitled to statutory damages because of the Defendant's actions.

42. Plaintiff's claims are based on the same facts and legal theories as class members, and therefore are typical of the class members' claims.

43. Plaintiff is an adequate representative of the Class because his interests do not conflict with the Class' interest, he will fairly and adequately protect the Class' interests, and he is represented by counsel skilled and experienced in litigating TCPA class actions.

44. The Defendant's actions are applicable to the Class and to Plaintiff.

45. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records and databases maintained by Defendant and others.

46. The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case, and given the small recoveries available through individual actions.

## FOR A FIRST CAUSE OF ACTION

**(Violation of the TCPA's Do Not Call provisions)**

47. The above allegations are realleged to the extent not inconsistent with the allegations of this cause of action.

48. The Defendant violated the TCPA by (a) initiating more than one solicitation call to the Plaintiff in a twelve-month period while Plaintiff's number was on the National Do Not Call Registry or (b) by the fact that others caused the initiation of those calls on its behalf. *See* 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2); 47 C.F.R. § 64.1200(e).

49. The Defendant's violations were willful or knowing.

WHEREFORE, the Plaintiff requests the following relief:

A. That the Court certify the proposed Class;

B. That the Court appoint Plaintiff as class representative;

C. That the Court appoint the undersigned counsel as counsel for the class;

D. That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation;

E. That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

**The Plaintiff demands a jury trial on these issues.**

PLAINTIFF,
By his attorneys

/s/ Timothy J. Sostrin
Timothy J. Sostrin
Keith J. Keogh
KEOGH LAW, LTD.
55 W. Monroe St. Suite 3390
Chicago, IL 60603
tsostrin@KeoghLaw.com

Anthony I. Paronich

8

Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com